

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

# LETTER OPINION

March 24, 2006

Capt. Surender Malhan
Ms. Alina Myronova
10 Huron Avenue, Apt. 2L
Jersey City, NJ 07306
*Plaintiffs, Pro Se*

Alyson M. Weiss
John A. Piskora
Loeb & Loeb
345 Park Avenue
New York, NY 10154
*Attorney for Defendant*

> Re:  **Malhan v. The Anthony Robbins Companies**
>      **Civil Action No. 05-CV-05951 (WJM)**

Dear Litigants:

     This matter comes before the Court on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss *pro-se* Plaintiffs' complaint in its entirety.[1] Plaintiffs oppose the motion. The Court adjudicates this matter on the papers. Fed. R. Civ. P. 78. For the reasons stated below, Defendant's motion to dismiss is **GRANTED** and Plaintiffs' complaint is **DISMISSED** in its entirety.

---

[1] Plaintiffs filed a "Motion to Add to the Complaint" on February 21, 2006. The Court, recognizing that Plaintiffs are pro-se and deserve certain latitude, considers the Complaint amended. Fed. R. Civ. P. 15.

**BACKGROUND**

Pro-se Plaintiffs, Capt. Surender and Alina Malhan (Myronova), enrolled by signed contract dated August 17, 2004 (the "Contract")[2] in a seminar program (the "Seminar") offered by Defendant Robbins Research International.[3]  At signing, Plaintiffs paid a total of $20,495.[4]  The Contract outlined specific procedures by which Plaintiffs could seek refunds if they were dissatisfied with the Seminar.  Plaintiffs arranged to attend Defendant's Seminar in Palm Springs, California from December 4-10, 2004.  Although they claim to have been verbally assured in advance by Defendant that they would be able to sit together for the duration of the Seminar, upon arrival Plaintiffs were informed that no such preference would be assured; indeed, Plaintiffs were assigned to different groups.  After three days disputing their seating arrangements (and during which Plaintiffs attended the Seminar), Plaintiffs chose to leave the Seminar of their own accord; at no point were Plaintiffs asked by Defendants to leave the Seminar.  Plaintiffs subsequently failed to follow the refund procedures outlined in the Contract, nor did they return their Seminar materials as required under the Contract.  Three months later, Plaintiffs began discussions with Defendants for a refund of their moneys; Plaintiffs claim a full refund was not offered.

Plaintiffs filed their Complaint in the Superior Court of New Jersey on November 9, 2005 seeking full refund of the Contract fees; Plaintiffs also seek approximately $62,400 for six days lost wages (Plaintiffs offer scant quantification of this loss), $1,000,000 compensation for mental agony caused by their inability to attend the Robbins lectures and the humiliation of leaving the Seminar, $2,000,000 for "business damages, the strain on marital relations, loss of name, loss of reputation, loss of identity" and "mental programming," and further damages to their business's future value in excess of $10,000,000 in addition to compensation for time spent, and physical duress, litigating this case.

Defendant filed notice to remove the case to federal court on December 22, 2005 under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 on diversity grounds.  The case was assigned to this Court on January 17, 2005.

**DISCUSSION**

**A.     Standard for Dismissal Pursuant to Rule 12(b)(6)**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *Warth*

---

[2] Alina Malhan's Contract is dated August 17, 2004; Surender Malhan's Contract is dated only "August 2004."

[3] The Contract is called a "Mastery University Enrollment Agreement." (Both Contracts are attached as Weiss Aff. Exs. A and B.).

[4] Although Plaintiffs' Complaint claims $20,440, the contracts themselves indicate the higher figure.

2

*v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, when a document attached to the motion to dismiss, but not submitted with the complaint, is undisputed and authentic and the basis for the plaintiff's claims, a court may consider such a document. *Pension Benefit*, 998 F.2d at 1196. Likewise, a document attached by a defendant to a motion to dismiss is considered part of the pleading if it is referred to in the complaint and is central to the plaintiff's claims. *See Pryor v. NCAA*, 288 F.3d 548, 559-60 (3d Cir. 2002). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

The Court recognizes the long-standing practice of construing *pro-se* plaintiffs' pleadings liberally. *See, e.g. U.S. v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999). Moreover, when a motion to dismiss involves a *pro-se* plaintiff, the court must "find that it is clear 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Zynn v. O'Donnell*, 688 F.2d at 941 (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)).

### B. <u>Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim is GRANTED</u>

It is somewhat difficult to divine from Plaintiffs' pro-se Complaint the exact nature of their claims against Defendant. However, reading the Complaint liberally, it would appear that Plaintiffs seek recompense based on a purported breach of the Contract with Defendants for their enrollment in Defendant's Seminar. To that end, Count One seeks reimbursement of Seminar tuition.

Count Two seeks reimbursement of time loss attributable to Plaintiffs' attending the Seminar.

Count Three appears to allege intentional infliction of emotional distress as a result of Defendant's supposed breach, complaining specifically of the "Mental Agony" Plaintiffs experienced due to their early departure from the Seminar.

Count Four claims harms from Defendant's "negative programming" of Plaintiffs during their time at the Seminar, as well as other losses due to Defendant's alleged breach.

Counts Five and Six seek reimbursement for time loss and physical stress experienced by Plaintiffs while pursuing litigation.

Counts Seven through Twelve seek various forms of relief including refunds for other attendees and changes in the way that Defendant manages the Seminar.

As explained below, it is clear that Plaintiffs have failed to state a claim as to any count and the Complaint must be dismissed in its entirety.

#### (I) **Defendant's Did Not Breach the Contract**

Construing their Complaint liberally, it appears that Plaintiffs accuse Defendant of

3

breaching the Contract by not guaranteeing Plaintiffs' preferred seating at the Seminar. (Compl. at 6.) Although it is unclear to the Court, Plaintiffs may also be claiming breach due to Defendants failure to refund their Seminar fees after Plaintiffs left the Seminar. (*Id.*) However, Plaintiffs' Complaint and other pleadings have not properly alleged any breach of contract by Defendant. In order to state a cause of action for breach of contract, Plaintiffs must allege each of the following elements: (1) a valid contract existed between Plaintiffs and Defendant, (2) Defendant breached this contract, (3) Plaintiffs performed under this contract, and (4) Plaintiffs were damaged as a result of Defendant's breach. *See Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 275 F.Supp 2d 543, 566 (D.N.J. 2003); *see also Bhari Inf. Tech. Sys. Pvt., Ltd. v. Allied Boston Bank, Inc.*, No. C 05–01223 SI, 2005 WL 3481473 at *5 (N.D.Cal. Dec. 20, 2005).[5]

Although Plaintiffs may claim that their inability to be seated when and where they desired constituted a breach, the Contract terms as written in no way guaranteed Plaintiffs their preferred seating; nor have Plaintiffs provided any evidence favoring an interpretation of the Contract that would support such a contention.[6] Furthermore, Plaintiffs' contention that they were forced to leave the Seminar by Defendant is contradicted by Plaintiffs' own Complaint in which Plaintiffs write that "we left – we walked out of the seminar – . . . [but Defendant] did not directly ask us to leave. They just refused to allow us to sit together. They just refused to allow us to sit where we wanted to sit." (Compl. at 5-6.) Accordingly, there is no support for the contention that Defendant committed any breach related to Plaintiffs' early departure from the Seminar.

Likewise, the Contract outlines clear procedures for obtaining refunds due to dissatisfaction with the Seminar. Couched as a "Money-Back Guarantee," the Contract states that "[i]n the unlikely event that, having participated in the first half of [the Seminar] you decide that particular session is not right for you, simply notify a designated RRI official, in writing at the program and turn in your notebook, name badge, and course materials – we will fully refund your tuition for that session of Master University." (Contract ¶6.) The refund clause thus outlined specific conditions Plaintiffs must have fulfilled before Defendant would provide Plaintiffs a refund. It is well established that

> "parties to a contract are at liberty to agree on one or more conditions precedent upon which their liability will depend. A condition precedent has been defined as a fact or event occurring subsequently

---

[5] New Jersey choice of law principles governing contract interpretation might necessitate application of California, rather than New Jersey, law in analyzing the Contract. *See Nat'l Util. Svc., Inc. v. Chesapeake Corp.*, 45 F.Supp.2d 438, 446-47 (D.N.J. 1999). However, whether the Court applies California or New Jersey law, it reaches the same conclusions on this motion to dismiss.

[6] The Contracts signed in August 2004 by both Plaintiffs makes no mention of guaranteed seating. Furthermore, paragraph 5(a) of the Contract specifies that signatories "acknowledge that you are not relying on any warranties, promises, guarantees or representations made by us or anyone acting or claiming to act on behalf of us unless they are in writing and made part of this Agreement." (Contract ¶5(a).

> to the making of a valid contract and which must exist or occur before there is a right to immediate performance, before there is a breach of contract duty or before the usual judicial remedies are available."

*Watson v. City of Salem*, 934 F.Supp 643, 660 (D.N.J. .1995) (internal citations omitted). *Accord NGV Gaming Ltd. v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1064-65 (N.D.Cal 2005).

Plaintiffs do not contend that they met the conditions precedent for a refund under the Contract. Specifically, they do not claim to have either turned in their conference materials and badge, or to have requested a refund in writing at the Seminar; indeed, it appears they waited three months to request a refund. (Compl. at 6, 21.) Having failed to meet the precedent conditions, Defendant had no obligation to provide Plaintiffs' refund; therefore Defendant's failure to provide such refund did not constitute a breach.

Likewise, absent any breach by Defendants, Plaintiffs are not entitled to reimbursement for time spent at the Seminar. Indeed, the Contract clearly set forth that, even if a refund is sought, Seminar participants would receive "no reimbursement for . . . transportation/ accommodation costs or for any other costs" Plaintiffs may have incurred. (Contract ¶6.) Therefore, absent any breach, the Contract precludes Plaintiffs' plea they be reimbursed for time spent at the Seminar. As no breach occurred, this claim must be dismissed.

### (ii)  Plaintiffs' Claims for Intentional Infliction of Emotional Distress and Other Forms of Relief are Unfounded

Plaintiffs' claim to have suffered "severe mental agony" as a result of their early departure from the Seminar has no basis in law. Construing the Complaint liberally, the Court interprets these allegations to most closely resemble a claim for intentional infliction of emotional distress as a result of Defendants' alleged breach. Under New Jersey law, a plaintiff may recover for emotional distress damages resulting from a breach of contract where the breach was "both intentional and outrageous and proximately cause[d] severe, foreseeable emotional distress." *Zadowicz v. CVS Corp,* 99 F.Supp.2d 518, 540-41 (D.N.J. 2000).[7]

As explained above, no breach occurred upon which Plaintiffs' emotional distress claim might rest. However, even if such a breach existed, Plaintiffs have demonstrated no evidence whatsoever of "intentional and outrageous" behavior on the part of Defendant. In contrast, the Complaint demonstrates that Defendant made certain accommodations to Plaintiffs' request to sit together. (Compl. at 4-6.) Moreover, Plaintiffs chose to leave the Seminar of their own accord, with no urging by Defendant. (*Id.* at 5-6.) Therefore, any distress they may have had at missing part of the Seminar was a result of Plaintiffs' own actions.

Furthermore, Plaintiffs fail to demonstrate, nor can the Court construe from the pleadings,

---

[7] California law does not generally allow recovery for emotional distress as a result of contractual breach unless the express purpose of the contract was the mental or emotional well being of one of the parties. *Averbach v. Vnescheconombank*, 280 F.Supp.2d 945, 960 n.7 (N.D.Cal. 2003).

5

any valid claim or legal theory related to Count Four's supposed mental programming by Defendant, or the various pleas in Counts Seven through Twelve, upon which relief might be granted.

### (iii) Plaintiffs' Claims for Litigation Related Injuries and Expenses Must be Denied

It is well settled New Jersey and California law that Plaintiffs cannot ordinarily recover for injuries brought on or enhanced by the litigation process. *See Blakey v. Continental Airlines, Inc.*, 992 F.Supp. 731, 736 n.3 (D.N.J. 1998); *MacCharles v. Bilson*, 186 Cal.App.3d 954, 957-58 (Cal. Ct. App. 1986). Likewise, absent a court rule or an express contractual provision, a party may not recover litigation expenses, such as attorney's fees, in an action for damages. *State Dept. of Envtl. Prot. v. Ventron Corp.*, 468 A.2d 150, 166 (N.J. 1983); *MacCharles,* 186 Cal.App.3d at 957-58. As there was no such express contractual provision in the Contract, Plaintiffs' claims for injuries and expenses related to the litigation process cannot survive this motion to dismiss.

**CONCLUSION**

In summary, Plaintiffs have failed to show any claim for breach of the Contract by Defendant. Likewise, Plaintiffs' claims for intentional infliction of emotional distress, negative programming, and other forms of relief are without merit. Finally, Plaintiffs have not demonstrated any basis upon which to recover for physical and monetary costs associated with their pursuing this litigation. Therefore, and for the reasons outlined above, Defendant's motion to dismiss must be **GRANTED**, and Plaintiffs' Complaint will be **DISMISSED** in its entirety.

An appropriate Order accompanies this Letter Opinion.

s/ William J. Martini

**William J. Martini, U.S.D.J.**

cc:  The Hon. Ronald J. Hedges, U.S.M.J.