

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI
JUDGE**

## LETTER OPINION

June 9, 2006

Capt. Surender Malhan
Ms. Alina Myronova
10 Huron Avenue, Apt. 2L
Jersey City, NJ 07306
*Plaintiffs, Pro Se*

Alyson M. Weiss
John A. Piskora
Loeb & Loeb
345 Park Avenue
New York, NY 10154
*Attorney for Defendant*

    Re:    **Malhan v. The Anthony Robbins Companies
              Civil Action No. 05-CV-05951 (WJM)**

Dear Litigants:

       This matter comes before the Court on *pro-se* Plaintiffs' motion for reconsideration and to amend their Complaint. Defendant opposes the motion. The Court adjudicates this matter on the papers. Fed. R. Civ. P. 78. For the reasons stated below, Plaintiff's motions are both **DENIED**.

**BACKGROUND**

       The background to this case was outlined extensively in this Court's March 24, 2006 Opinion granting Defendant's 12(b)(6) motion and dismissing the Complaint. Therefore, the Court will only offer a brief summary here of the events in this case. *Pro-se* Plaintiffs, Capt. Surender and Alina Malhan (Myronova), paid a total of $20,495 to enroll in a series of seminars (the "Seminar") offered by Defendant Robbins Research International. The signed Seminar contract outlined specific procedures by which Plaintiffs could seek refunds if they were dissatisfied with the Seminar. Plaintiffs attended the first of three Seminars in December 2004, were displeased, and chose to leave

the Seminar of their own accord.  Plaintiffs subsequently failed to follow the refund procedures outlined in the Contract; and although they later wanted a refund, they claim a full refund was not offered.  Plaintiffs filed a Complaint in the Superior Court of New Jersey seeking full refund of the Seminar fees as well as reimbursement for lost wages and assorted distress-related damages. Defendant removed the case under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 on diversity grounds.

Fully cognizant of the increased burden presented by Plaintiffs' *pro-se* status,[1] the Court at that time determined that the Complaint was without merit.  A corresponding Opinion was issued on March 24, 2006 and an Order granting Defendant's motion and dismissing the Complaint followed on the same date.  Plaintiffs now ask the Court to reconsider its March 24, 2006 Order and allow them to reopen the case and amend their Complaint to only seek reimbursement of their seminar fees.

**DISCUSSION**

### A.     Plaintiffs' Motion for Reconsideration is Untimely

A motion for reconsideration must be filed within 10 business days after entry of the order on the original motion.  Fed. R. Civ. P. 59(e).  ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.")  *See also* D.N.J. L. Civ. R. 7.1(I).  ("A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.")  Plaintiffs appear to argue that their motion is timely because it fell within the 30-day period for appeal to the Court of Appeals under Fed. R. App. P. 4.  While Plaintiffs may have been within the period for appeal to the Third Circuit, they clearly were outside of the period in which they could petition this Court for reconsideration.  For this reason, Plaintiff's motion for reconsideration must be **DENIED**.

### B.     Plaintiffs' Motion for Reconsideration is without Merit

Even if Plaintiffs' motion for reconsideration was timely, the Court would dismiss it on the merits.  As this Court held recently, "a motion for reconsideration is an extraordinary remedy to be granted 'very sparingly.'"  *In re Lord Abbott Mut. Funds Fee Litig.*, 417 F.Supp. 2d 624, 627 (D.N.J. 2005).  It is improper on a motion for reconsideration to "ask the Court to rethink what it had already thought through – rightly or wrongly."  *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (internal citation omitted).  In other words, a motion for reconsideration is reserved for those instances where the Court may have "overlooked" pertinent facts or controlling case law.  D.N.J. L. Civ. R. 7.1(I).  When a matter was considered by the Court, it was not "overlooked."  *P. Schoenfeld Asset Mgmt. LLC v. Cendent Corp.*, 161 F. Supp. 2d 349,

---

[1] In its considerations, the Court recognizes the long-standing practice of construing *pro-se* plaintiffs' pleadings liberally.  *See, e.g. U.S. v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999).

353 (D.N.J. 2001). If the moving party fails to cite pertinent facts or case law that the Court overlooked, then the Court should deny the motion. *Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988).

Having carefully examined all of Plaintiffs pleadings on this motion, the Court finds no instance in which they cite a single new piece of evidence or a change in law; nor do they contend that the Court committed any manifest errors of law or fact. Indeed, their argument for reconsideration is nothing but an embellishment of the entreaties upon the Court that composed a large part of their pleadings on the underlying motion; and all of these matters were carefully considered by the Court in arriving at its March 24, 2006 Opinion and accompanying Order. Because the Complaint remains dismissed, Plaintiff's motion to amend their Complaint is likewise **DENIED**.

**CONCLUSION**

In summary, Plaintiffs motion for reconsideration is both untimely and without merit. Therefore, Plaintiff's motion is **DENIED**. Correspondingly, Plaintiff's motion to amend the Complaint is also **DENIED**.

An appropriate Order accompanies this Letter Opinion.

s/ William J. Martini
**William J. Martini, U.S.D.J.**

cc:   The Hon. Ronald J. Hedges, U.S.M.J.